NELSON HILL, Plaintiff Below, Appellant, v. RANDALL HILL, Executor of the Estate of OSCAR HILL, Deceased, Defendant Below, Appellee.

(*July* 9, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Grover C. Brown,* for appellant.

*Nicholas H. Rodriguez* and *Harold Schmittinger,* of Schmittinger & Rodriguez, for appellee.

Supreme Court of the State of Delaware, No. 19, 1965.

WOLCOTT, Chief Justice.

This is an appeal from a judgment of the Superior Court dismissing a complaint for declaratory judgment. The plaintiff below, appellant here, for the purposes of this case is conceded to be the natural son of Oscar Hill, deceased. He was born in wedlock to Oscar Hill and his wife, Elizabeth, on November 24, 1920, but continuously thereafter until his death Oscar Hill refused to acknowledge the plaintiff as his son. Mr. and Mrs. Hill were later divorced.

On February 26, 1948, Oscar Hill having remarried, executed his will which, after his death, was duly admitted to probate. His estate consisted largely of a farm which, by Item II, he devised to his widow for life and upon her death to named brothers and sisters. By Item III he devised all the residue of his estate to his mother and to his brothers and sisters in equal shares. There was no other dispositive provision in the will. Significantly the plaintiff is not named at all in the will.

The farm in question has been sold, although it does not appear in the record by what means. However, the executor of the Last Will and Testament of Oscar Hill has in his possession the proceeds of sale. The executor is named as the sole defendant in the action, presumably because he has the money. No point, however, has been

made of the parties or lack of parties. We note that ordinarily the proceeds of the sale of real estate are continued to have in law the character of real estate. This means that the proper parties to litigation to determine ownership are the owners of the real estate and not the personal representative of the deceased. Particularly is this so when the will contains, as does this will, no devise to the executor of the real estate or a direction to sell the same. However, since the parties are in agreement that the decision in this cause will effectively dispose of the proceeds of sale of the real estate, we pass the point over.

Initially, we note that the testator effectively disposed of his entire estate, omitting from any share therein his natural son, the plaintiff. In other words, the testator's natural son by his first wife has been disinherited as a practical matter by the devise of the entire estate of his father to others.

There is no statute in this State applicable to this controversy. 12 *Del. C.* Secs. 301–310 apply only to the rights of children born after the execution of a will and for whom no provision was made in the will. 12 *Del. C.* Secs. 321–323 pertain solely to the rights of a husband and wife who are married after a will is executed which is silent with respect to either such a husband or wife.

There being no statute of this State governing the question of the disinheriting of an heir at law, the case is governed by the common law which, except where the General Assembly has provided for a change by statute, is the law of this State. *Shellhorn & Hill, Inc. v. State,* Del., 187 A.2d 71.

Plaintiff's argument is based upon two Delaware cases. The first of these is *Melvin v. Halloway,* 2 Houst. 527. In that case the meaning of an ambiguous will was before the court. The court instructed the jury as an aid in determining the proper meaning of the will as follows:

"It is also another rule of law, which is not to be overlooked in this connection, that the heirs at law are not to be disinherited, or debarred of their right to claim his lands by operation of law, or by

descent and inheritance, as it is usually termed, without express words, or·a clear and certain intent apparent upon the face of the will."

Again, in '*In re Reed's Estate,* 7 Pen. 30, 76 A. 617, the same rule was said to be:

"The heir at law is not to be disinherited except by express words in the will, or by necessary implication arising from them."

The plaintiff argues that these two cases lay down a rule of absolute law which must be applied to give an unmentioned heir at law his intestate share of the testator's property. We think, however, that this is to misstate the rule announced in the two cited cases. The rule as applied in the two cases is clearly that only when a will is ambiguous, incomplete or uncertain that the rule against the disinheriting of an heir has any application. This also was the common law prior to 1926 in England when it was changed by act of Parliament. 39 Hallsbury, Laws of England, Sec. 1508.

The will before us is plain and unambiguous on its face. There is no uncertainty as to what the testator intended and by it he disposed of all of his property. There is, therefore, we think, "a clear and certain intent apparent upon the face of the will" to exclude by omission the plaintiff from any inheritance in the property of the testator. The intent of the testator, therefore, being clear from the will, the rule against the disinheriting of an heir has no application.

Since, therefore, the testator's intent to exclude the plaintiff from any share of his estate is absolutely clear, the courts under such circumstances have no alternative but to enforce and carry out that intent. *Miller v. Equitable Trust Co.,* 27 Del. Ch. 282, 288, 32 A.2d 431.

Since the result is to find against the contentions of the plaintiff, the complaint should not have been dismissed but a judgment should have been rendered in favor of the contentions of the defendant. 16 Am. Jur., Declaratory Judgments, Sec. 72. This, we think, the trial

judge intended. He, perhaps inadvertently, however, dismissed the complaint.

The cause will therefore be remanded with instructions to strike the dismissal of the complaint and to enter judgment in accordance with the contentions of the defendant declaring the rights of the parties.